IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41051
Summary Calendar
_____

ANTHONY K. CHAPMAN,

                                        Plaintiff-Appellant,

versus

A. JEFFCOAT, Captain; TERRY WILLIAMSON,
Sergeant; JERRY P. ROGERS, Lieutenant;
JOHN V. WELCH, JR., Correctional Officer III;
WILLIAM R. WATTS, Captain; JUAN E VASQUEZ,
Correctional Officer III; BOBBY D. LEEDER,
Correctional Officer III; TIMOTHY D. GREEN,
Sergeant; DAVID E. BARROW, Correctional Officer
III; RONNIE D. GATEWOOD, Correctional Officer III;
ROBERT HERRERA, Assistant Warden; HAROLD W. GARROW,
Correctional Officer III; PAUL W. PACE, Major;
FREDERICK L. BROWN, Correctional Officer III;
UNIDENTIFIED CASTEEL, Correctional Officer III;
JESSIE L. PIERCE, Sergeant,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-961
- - - - - - - - - -

April 1, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

        Anthony K. Chapman appeals a dismissal of his cause of

action brought under 42 U.S.C. § 1983 in favor of the named

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

defendants.  He has not, however, briefed the issue that was the basis of the district court's dismissal -- his failure to exhaust administrative remedies.  *Pro se* litigants must brief arguments in order to preserve them.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  Claims not adequately argued in the body of the brief are deemed abandoned on appeal.  See id.  Because Chapman has not briefed the only potential issue on appeal, and because the face of the record does not reveal compelling factors mandating reversal, the decision of the district court should be affirmed.

Chapman has also filed a motion for appointment of counsel.  A court should appoint counsel to represent a § 1983 appellant only in exceptional circumstances.  Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).  Chapman's factual and legal issues are not complex, and Chapman has shown himself capable of setting forth factual scenarios.  He has not shown exceptional circumstances sufficient to require appointment of counsel.

Chapman's final motion is for a preliminary injunction "giving Appellant complete security."  Chapman has requested that various defendants be barred from ever being in Chapman's presence because they allegedly made various threats against Chapman, although he does not allege physical violence was taken against him.  Chapman has not met the heavy burden required for the granting of a preliminary injunction, and his motion should be denied.  See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

The decision of the district court is AFFIRMED.  The motions of the appellant are DENIED.